UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Larry Jamie Lewis, | ) C/A No.: 4:12-2684-MGL-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Dwayne Wilson, Curtis Brown, and Gerald Ervin, | ) |
| Defendants. | ) |

**PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on September 18, 2012, alleging a violation of his constitutional rights. At the time of the filing of the complaint, Plaintiff was housed at the Federal Correctional Institution, Williamsburg (FCI Williamsburg). Plaintiff filed a notice of change of address on January 22, 2014, to 765-B Tupperware Road, Hemingway, South Carolina.

On February 19, 2013, Plaintiff filed a motion to dismiss defendants that were federal employees of the FCI, Williamsburg leaving the state defendants. By order of the court, Plaintiff's motion was granted and Defendants Charles E. Samuels, Eric Holder, Jr., John Owens, Victor Loranth, Dr. Crawford, Irwin Fish, David Massa, and William Rigney were dismissed from this

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

action. (Doc. #43). The only defendants remaining are Defendants Dwayne Wilson, Curtis Brown, and Gerald Ervin.[2]

Defendants Wilson, Brown, and Ervin were served with the summons and complaint and the returns executed. (Docs. #22, 30, and 48). These Defendants did not file an answer or make an appearance in the case. After a hearing held September 18, 2014, an entry of default was entered by the office of the Clerk of Court as to Defendants Brown, Ervin, and Wilson. (Doc. #62).

A notice of hearing for a status conference set for June 25, 2015, was sent to Plaintiff at his last known address. Included in the notice was a warning that "failure to appear may result in dismissal of the case." (Doc. #72). Plaintiff failed to appear and has failed to further communicate with the court.

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that he has failed to prosecute his case. No other reasonable sanctions are available. Accordingly, it is

---

[2] It is noted that Gerald Ervin signed the green card upon certified delivery of the summons and complaint as Gerald Irvin.

2

recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) for failure to prosecute.

## **DISCUSSION**

In the alternative, it is recommended that the action be dismissed on the merits. Plaintiff alleges that his Eighth Amendment rights were violated because he was forced to breathe secondhand tobacco smoke, also called environmental tobacco smoke ("ETC"). Specifically, Plaintiff alleges that during transport from the Williamsburg FCI to the federal courthouse in Florence on March 16, 2011, and again on May 23, 2011, Defendant Gerald Ervin smoked cigarettes during the "hour and half nearly trip, there and back." (Doc. #1). Plaintiff alleges he experienced headaches and shortness of breath because of the second hand smoke. Plaintiff does not raise any allegations as to Defendants Brown and Wilson other than to assert that Dwayne Wilson was the Administrator of the Williamsburg County Jail and Curtis Brown was the Chief of the Williamsburg County Detention Center.[3]

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of default judgment by a court against a party in default. When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780–81 (4th Cir.2001). If the court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780–81. Unlike allegations of fact, the court does not accept allegations regarding damages as

---

[3] There is no doctrine of respondeat superior in § 1983 claims, Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

3

true, but rather makes its own independent determination. E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir.1999).

Even accepting as true Plaintiff's allegations that Defendant Gerald Ervin smoked on the two transport trips from Williamsburg FCI to the courthouse in Florence, Plaintiff has failed to show that he was exposed to unacceptable levels of ETS. See Helling v. McKinney, 509 U.S. 25 (1993). Furthermore, he has failed to show that the exposure created a risk of harm "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk," Id. Plaintiff has not presented any medical or other records or expert testimony that he suffers from any serious medical condition that existed prior to his transfers in March and May of 2011 resulting from his exposure to ETS. Thus, he has made no objective showing regarding the levels of smoke he was temporarily exposed to, nor has he presented proof that he suffered, or will suffer, injury to his future health. Id.[4] Accordingly, Plaintiff has not established liability and/or presented any damages to the court as to these Defendants and a default judgment is not proper.

## CONCLUSION

Based on the above reasoning, it is recommended that his action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute with prejudice.

In the alternative, it is recommended that this action be dismissed as Plaintiff has failed to establish liability and/or set forth any damages such that a default judgment is not proper.

---

[4] Similarly, in the unpublished opinion of Mills v. Clark, 2000 WL 1250781 at *5, the Fourth Circuit held that "exposure to environmental tobacco smoke once a week for only one hour does not, on its face, rise to the level of unreasonably high exposure required by Helling."

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 26, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**